UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIE STRONG,

                Petitioner,

v.                                        9:20-CV-1183
                                              (DNH/TWD)
SCOTT FINLEY,

                Respondent.

---

APPEARANCES:                                    OF COUNSEL:

WILLIE STRONG
Petitioner pro se
21484-052
Schuylkill Federal Correctional Institute
P.O. Box 759
Minersville, PA 17954

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

Pro se petitioner Willie Strong ("Strong" or "petitioner") seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").

On September 28, 2020, the Court administratively closed the action because Strong failed to comply with the filing fee requirements. Dkt. No. 2, Administrative Closure Order.

On October 15, 2020, Strong remitted the statutory filing fee and the case was reopened. Dkt. No. 3, Letter; Dkt. Entry dated 10/15/20 (identifying the receipt information from the filing fee transaction); Dkt. No. 4, Text Order (reopening case).

Strong's petition challenges a 2015 judgment of conviction rendered in Onondaga County, upon a jury verdict, of second degree criminal possession of a weapon, second

degree assault, and resisting arrest.[1]  Pet. at 1-2; *see also People v. Strong*, 164 A.D.3d 1637 (4th Dep't 2018).[2]  The New York State Supreme Court, Appellate Division, Fourth Department, unanimously affirmed the conviction and, on January 29, 2019, the New York Court of Appeals denied leave to appeal.  *Strong*, 164 A.D.3d at 1637, *lv. denied,* 32 N.Y.3d 1178 (2019).  Petitioner applied for a writ of certiorari, which was denied by the United States Supreme Court on October 7, 2019.  Pet. at 2; *Strong v. New York*, 140 S. Ct. 199 (2019).

Strong contends that he is entitled to federal habeas relief because (1) he was denied effective assistance of counsel when his attorney (a) advised him not to testify and (b) failed to introduce exculpatory evidence, specifically video footage from Bank of America, which counsel received through discovery (Pet. at 4); (2) the evidence used to convict petitioner was unlawfully seized during an unconstitutional search (*id.* at 5); and (3) he was unlawfully arrested (*id.*).  For a more complete statement of petitioner's claims, reference is made to the petition.

Strong seeks permission "to extend [the] filing of [his] 2254 motion" because he is "[i]n the process of filing a 440.10 motion[.]"  Pet. at 3.  In essence, petitioner requests a stay while he fully exhausts his state court remedies.  Petitioner explains that this stay is necessary because his claims of ineffective assistance of counsel relied on evidence outside of the record, which is why they were not part of his direct appeal.  *Id.* at 5.

---

[1] Petitioner indicates, in his petition, that the date of his underlying state court conviction was July 31, 2014.  Pet. at 1.  However, this appears to be a ministerial mistake on petitioner's part because the crimes for which he was convicted, the arguments asserted on appeal, and the appellate representation are identical in the petition as well as the Fourth Department decision.  *Compare* Pet. at 1 *with Strong*, 164 A.D.3d at 1637 (identifying criminal actions for which petitioner was convicted); Pet. at 2 *with Strong*, 164 A.D.3d at 1638-39 (discussing grounds for direct appeal and procedural history); Pet. at 6 *with Strong*, 164 A.D.3d at 1637 (identifying Piotr Banasiak as appellate counsel).

[2] Citations to the petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277.

Notably, though, a stay may become "the only appropriate course [of action] in cases . . . where an outright dismissal could jeopardize the timeliness of collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001); *see also Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., joined by Souter, J., concurring in part and in judgment) ("[T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies [especially] . . . when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of the AEDPA's 1-year limitations period."); *Evans v. Senkowski,* 228 F. Supp. 2d 254, 261 (E.D.N.Y. 2002) ("In sum, [the Second Circuit] holds that a mixed petition, filed on the eve of the running of the AEDPA statute of limitations, should be stayed rather than dismissed.").

Under the circumstances presented in this case, the Court finds that, at this time, a stay is warranted. For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in

the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

Strong's conviction became final on the day his application was denied by the Supreme Court: October 7, 2019. *Strong*, 140 S. Ct. at 199. Therefore, petitioner had until October 6, 2020 to timely file a habeas petition. The petition was signed September 22, 2020.[3] Therefore, the petition was timely filed with two weeks left in the statute of limitations. Dismissal of the petition without prejudice at this point would result in any future petition being subject to dismissal as time-barred. Moreover, the Court cannot say, based on the current submissions, that petitioner's claims are plainly meritless or that he engaged in any dilatory tactics. *Rhines*, 544 U.S. at 278.

Therefore, Strong's motion to stay his petition is granted. Petitioner is warned, however, that federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017) (same); *Zarvela*, 254 F.3d at 381 (addressing "the concern about excessive delays in seeking exhaustion and . . . returning to federal court . . . by allowing a habeas petitioner no more than reasonable intervals of time to present his claims to the state courts and to return to federal court after exhaustion.").

Mindful of the aforementioned concerns, the Court will grant Strong a stay of his petition at this point. However, petitioner **must** file proof with this Court that he has commenced his 440 action within the **next thirty (30) days**.

---

[3] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Assuming that Strong files proof of a 440 motion and the Court continues the stay, petitioner must also advise the Court in writing **every thirty (30) days** of the status of the pending state court proceeding, including the date upon which any decision is reached. **Within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application has reached a decision, petitioner must notify the Court in writing of the decision. Petitioner is cautioned that if he fails to comply with the terms of this Decision and Order, the stay shall be immediately lifted and the file returned to the Court for further proceedings.

Therefore, it is

ORDERED that

1. Petitioner's motion to stay his petition (Pet. at 3) is **GRANTED**;

2. Petitioner must advise the Court in writing and attach proof of commencement of a 440 action, asserting the unexhausted ineffective assistance of counsel claims in his petition, **within thirty (30) days of the date of this Decision and Order**;

3. From the date of petitioner's submission of proof of filing his 440 motion, petitioner must advise the Court in writing **every thirty (30) days**, on the status of the pending state court application, including the date upon which any decision is reached;

4. **Within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application reaches a decision, petitioner must notify the Court of that decision;

5. If petitioner fails to comply with the terms of this Decision and Order, the stay will be immediately lifted and the file returned to the Court for further proceedings;

6. That no response to the petition will be required until petitioner completes

exhaustion of his unexhausted claim and the stay is lifted, or until the stay is lifted pursuant to the preceding ordering paragraph; and

    7. The Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

    IT IS SO ORDERED.

Dated: October 30, 2020
       Utica, New York.

_____
United States District Judge